IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  03-cv-02100-ZLW-PAC

PERRY ROBBINS,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

_____

ORDER AND JUDGMENT AS TO ATTORNEY'S FEES
_____

The matter before the Court is Plaintiff's Motion For Attorney Fees Pursuant To The Equal Access To Justice Act.[1]  Plaintiff seeks $4,672.50 in attorney's fees on the ground that the Appeals Council's decision not to consider additional evidence submitted after the November 14, 2001, hearing before the Administrative Law Judge (ALJ) was not substantially justified.  Defendant objects based on her view that, because all of the additional evidence submitted after the hearing before the ALJ did not relate back to the time period prior to the hearing, the Appeals Council's review and rejection of the additional evidence was reasonable and substantially justified.

Defendant's argument lacks merit.  Evidence in the record indicates that one of Plaintiff's doctors, Dr. Alvaro S. Rios, suspected sleep apnea and recommended a sleep study.[2]  In the Court's view, the ALJ should have taken this recommendation into

---

[1] See 28 U.S.C. § 2412.

[2] Tr. at 176.

consideration and delayed his decision until Plaintiff had a sleep study that the ALJ could consider.  Some of the additional evidence consists of the reports of Dr. Gustav W. Hallin, who conducted oximetry and sleep studies of Plaintiff in 2002 and diagnosed him with abnormal overnight oximetry with history of heavy snoring and witnessed apneas, all suggestive of obstructive sleep apnea, hypoventilation, with hypoxia due to emphysema, and moderate emphysema.[3]  He also concluded that Plaintiff has upper airway resistance syndrome.[4]  There is a reasonable probability that these diagnoses would have changed the ALJ's decision.  The rejection of this additional evidence, therefore, lacked substantial justification because the tests should have been performed prior to the decision.  Also, other additional evidence relates to Plaintiff's chronic conditions and should have been considered by the Appeals Council.

In the alternative, Defendant challenges the amount of attorney's fees that Plaintiff has requested and asks the Court to reduce the amount of attorney time by 2.75 hours and the amount of paralegal time by 4.0 hours.  The Court has reviewed the matter and concludes that the amount of attorney time is reasonable.  As to the paralegal time, Plaintiff states he is willing to reduce it by one hour.  Work performed by a paralegal is compensable under the Equal Access to Justice Act (EAJA)[5] but fees for paralegal time "are only recoverable [under the EAJA] to the extent they reflect tasks

---

[3] See Plaintiff's Objection To The Administrative Record Of Proceedings Filed By Defendant And Motion To Supplement The Administrative Record, Ex. D, Four Corners Sleep Tab, unnumbered pp. 5-6.

[4] Id. at unnumbered p. 1.

[5] Harris v. Railroad Retirement Bd., 990 F.2d 519, 521 (10th Cir. 1993).

2


Case 1:03-cv-02100-ZLW-PAC   Document 44   Filed 07/27/05   USDC Colorado   Page 2 of 3

consideration and delayed his decision until Plaintiff had a sleep study that the ALJ could consider.  Some of the additional evidence consists of the reports of Dr. Gustav W. Hallin, who conducted oximetry and sleep studies of Plaintiff in 2002 and diagnosed him with abnormal overnight oximetry with history of heavy snoring and witnessed apneas, all suggestive of obstructive sleep apnea, hypoventilation, with hypoxia due to emphysema, and moderate emphysema.[3]  He also concluded that Plaintiff has upper airway resistance syndrome.[4]  There is a reasonable probability that these diagnoses would have changed the ALJ's decision.  The rejection of this additional evidence, therefore, lacked substantial justification because the tests should have been performed prior to the decision.  Also, other additional evidence relates to Plaintiff's chronic conditions and should have been considered by the Appeals Council.

In the alternative, Defendant challenges the amount of attorney's fees that Plaintiff has requested and asks the Court to reduce the amount of attorney time by 2.75 hours and the amount of paralegal time by 4.0 hours.  The Court has reviewed the matter and concludes that the amount of attorney time is reasonable.  As to the paralegal time, Plaintiff states he is willing to reduce it by one hour.  Work performed by a paralegal is compensable under the Equal Access to Justice Act (EAJA)[5] but fees for paralegal time "are only recoverable [under the EAJA] to the extent they reflect tasks

---

[3] See Plaintiff's Objection To The Administrative Record Of Proceedings Filed By Defendant And Motion To Supplement The Administrative Record, Ex. D, Four Corners Sleep Tab, unnumbered pp. 5-6.

[4] Id. at unnumbered p. 1.

[5] Harris v. Railroad Retirement Bd., 990 F.2d 519, 521 (10th Cir. 1993).

traditionally performed by an attorney and for which the attorney would customarily charge the client."[6]  Purely clerical or secretarial tasks are not compensable regardless of who performs them.[7]  The Court finds that four entries of paralegal time totaling one hour should be deducted because they are for purely clerical or secretarial tasks. Those entries are dated 10/22/03, 11/3/03, 6/23/04, and 9/9/04.  The amount that Plaintiff requests, therefore, will be reduced by $75.00.  Accordingly, it is

ORDERED that Plaintiff's Motion For Attorney Fees Pursuant To The Equal Access To Justice Act is granted in the amount of $4,597.50 and otherwise is denied.  It is

FURTHER ORDERED that judgment is entered in favor of Plaintiff and against Defendant as to attorney's fees.  It is

FURTHER ORDERED that Defendant promptly shall pay to Plaintiff's attorney, Robert C. Dawes, reasonable attorney's fees in the amount of $4,597.50.

DATED at Denver, Colorado, this ___27___ day of July, 2005.

BY THE COURT:


S/ Zita L. Weinshienk
_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[6] Hyatt v. Barnhart, 315 F.3d 239, 256 (4th Cir. 2002).

[7] See Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989)(excluding "purely clerical or secretarial tasks" from compensable time under attorney's fee provision of 42 U.S.C. § 1988).